UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

United States of America,

        Plaintiff,

  vs.                    REPORT AND RECOMMENDATION

Anthony Lee Prellwitz,

        Defendant.           Crim. 06-287(ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendant's Motions to Suppress Evidence Obtained by Search and Seizure, to Suppress Statements, to Change Venue, and to Dismiss.[1] A Hearing on the Motions was conducted on February 21, 2007, at which time, the

---

[1]Counsel for the Defendant has advised that, as to some of the Defendant's Pretrial Motions, "counsel is in an Anders position \* \* \*, in that counsel does not find an articulable basis for the court to grant the relief requested."  See, Defendant's Pretrial Motion Memorandum, Docket No. 36, at p. 1; see also, Anders v. California, 386 U.S. 738, 744 (1967).  As the Court recognized, in Anders, such an approach induces us "to pursue all the more vigorously [our] own review because of the ready references not only to the record, but also to legal authorities as furnished by counsel." Id.

Defendant appeared personally, and by Craig S. Hunter, Esq., and the Government appeared by LeeAnn K. Bell, Assistant United States Attorney.  For reasons which follow, we recommend that the Defendant's Motions be denied.

## II.  Factual Background

The Defendant is charged with one (1) Count of being a felon in possession of a firearm, in violation of Title 18 U.S.C. §§922(g)(1), and 924(e)(1); and one (1) Count of possessing an unregistered firearm, in violation of Title 26 U.S.C. §§5841, 5861(d), and 5871.  The events which give rise to those charges are alleged to have taken place on or about August 3, 2006, in this State and District.

The Defendant asks that we dismiss the claims against him based upon an alleged selective prosecution for, in his view, there have been violations of both Title 18 U.S.C. §3161(b), and the Bail Reform Act, and because the Grand Jury proceedings were defective.  In addition, the Defendant moves to suppress statements that he made to law enforcement officials, during a custodial interview, and he seeks to change the venue in this action to the United States Courthouse, in Fergus Falls, Minnesota.  Finally, the Defendant asks us to review the Arrest Warrant, so as to determine whether the Warrant was supported by probable cause, or subject to other fatal defects.  No testimony was adduced at the Hearing on the Defendant's Motions,

and therefore, we limit our consideration of the Motion to Suppress to the "four corners" of the Arrest Warrant, and Supporting Warrant Authorization.

III.  Discussion

A.  The Defendant's Motion to Dismiss the Indictment for Selective Prosecution.

The Defendant argues that the Government has violated his rights by electing to prosecute him in Federal Court, while other similarly situated individuals were prosecuted in State Court where, assumedly, they received lesser sentences. However, he has failed to identify any other individuals who were charged with the same alleged offenses, and he has offered no showing, apart from his suspicions, that he has been the subject of selective prosecution.

1.  Standard of Review.  "In order to prevail on a claim of selective prosecution a defendant must show 1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights."  United States v. Leathers, 354 F.3d 955, 963 (8th Cir.), cert. denied, 543 U.S. 844 (2004)[internal quotations omitted].  To succeed on a theory of selective prosecution, a defendant

must offer "clear evidence" to overcome the presumption that the prosecutor acted lawfully.  See, <u>United States v. Armstrong</u>, 517 U.S. 456, 463-465 (1996).

"Where a defendant violates both state and federal laws, either or both can prosecute the defendant." <u>United States v. Goodson</u>, 1997 WL 33559174 at *2 (N.D. Iowa, February 18, 1997), citing <u>United States v. Smith</u>, 30 F.3d 568, 572 (4th Cir. 1994), and <u>United States v. Via</u>, 1996 WL 671350 (4th Cir. 1996).  As our Court of Appeals has explained:

> Prosecutors have broad discretion when making charging decisions.  United States v. Beede, 974 F.2d 948, 952 (8th Cir. 1992).  The decision by a state prosecutor to proceed with charges against a defendant does not preclude a later decision by a federal prosecutor to prosecute in federal court.  Id.  Similarly, if a defendant can be prosecuted in either state or federal court, the deferral of a prosecution to the federal system after a defendant elects to proceed to trial in state court is permissible.  Id.  "The fact that the federal government prosecutes a federal crime in a federal court that could or has been prosecuted as a state crime in state court does not itself violate due process."  United States v. Turpin, 920 F.2d 1377, 1388 (8th Cir. 1990).

<u>United States v. Kriens</u>, 270 F.3d 597, 602 (8th Cir. 2001), cert. denied, 535 U.S. 1008 (2002).

"Prosecutors may not, however, base a decision to prosecute on 'impermissible factors such as race, religion, or other arbitrary and unjustifiable classifications.'" <u>Id.</u>, quoting <u>United States v. Jacobs</u>, 4 F.3d 603, 605 (8th Cir. 1993).  "Similarly, a

prosecutor may not pursue a prosecution out of vindictiveness or in response to a defendant's exercise of a legal right." Id., citing United States v. Beede, 974 F.2d 948, 951 (8th Cir. 1992), cert. denied, 506 U.S. 1067 (1993).  "The burden is on the defendant to prove through objective evidence that the decision to prosecute or transfer prosecution was borne of a desire to punish him for the exercise of a legal right." Id., citing United States v. Beede, supra at 951, citing, in turn, United States v. Goodwin, 457 U.S. 368, 384 n. 19 (1982).

2.    Legal Analysis.  Here, the Defendant has failed to carry his burden of showing, by objective evidence, that he is being prosecuted in Federal Court because of an unlawful classification, such as his race or religion, or that his prosecution was predicated on punishing him for exercising a legal right.  In fact, the Defendant identifies no classification, of any sort, which differentiates him from the unidentified individuals who, he claims, were prosecuted in State Court.  Accordingly, we recommend that his Motion to Dismiss for Selective Prosecution be denied.

B.   <u>The Defendant's Motion to Suppress Evidence of Search and Seizure</u>.

Although not entirely clear, it appears that, by this Motion, the Defendant is challenging the probable cause for the Warrant that led to his arrest, his seizure pursuant to that Warrant, and presumably, any searches incident to that arrest.

1.   <u>Standard of Review</u>.  Under Minnesota law, an inmate who has been released on parole "is and remains in the legal custody and under the control of the commissioner [of corrections], subject at any time to be returned to a facility of the department of corrections." <u>Minnesota Statutes Section 243.05, Subdivision 1(b)</u>. Minnesota Statutes Section 243.05, Subdivision 1(c), further provides as follows:

> The written order of the commissioner of corrections, is sufficient authority for any peace officer, state correctional investigator, or state parole and probation agent to retake and place in actual custody any person on parole or supervised release.  In addition, when it appears necessary in order to prevent escape or enforce discipline, any state parole and probation agent or state correctional investigator may, without order of warrant, take and detain a parolee or person on supervised release or work release and bring the person to the commissioner for action.

See also, <u>State v. Schwartz</u>, 628 N.W.2d 134, 139 (Minn. 2001)("A person on supervised release remains in the state's legal custody and is subject to re-incarceration for breach of a condition of release.").

2.   <u>Legal Analysis</u>.   As clarified at the Motions Hearing, the Defendant's Motion to Suppress is solely premised upon the four (4) corners of the Warrant which resulted in his arrest.

On July 21, 2006, a Warrant for the Defendant's arrest was issued by the Executive Officer of Hearings and Release for the State of Minnesota Department of Corrections ("MDOC"), and was based upon the Defendant's status as an alleged violator of the conditions for his release as a felon convicted of an Assault in the Second Degree. See, <u>Government Exhibit 1</u>.[2] The Warrant directed that the Defendant be apprehended, be returned to the custody of the MDOC, and be detained pending a Hearing on those alleged violations.  <u>Id.</u>

According to the Warrant Authorization, which was submitted to the MDOC in support of the issuance of a Warrant for the Defendant's arrest, the Defendant was released from State custody on May 1, 2006, but will remain on Supervised Release until April 17, 2007.  See, <u>Government's Letter</u>, <u>Docket No. 39</u>, Attachment 1.  Since

---

[2]At the time of the Hearing, the Government had proffered only the Arrest Warrant, and not any underlying documents.  Since we were unable to assess the existence of probable cause without a review of the underlying documents, we directed counsel for the Government to submit the Warrant Authorization for our review.  Counsel complied, see, <u>Docket No. 39</u>, and the Defendant has interposed no objection to that submission.

the Defendant's period of Supervised Release had not yet expired, under Minnesota Statutes Section 243.05, he effectively remains in the custody of the MDOC, and could lawfully be placed in custody on the authority of a Hearings and Release Officer.   The Arrest Warrant, which was issued on July 21, 2007, was based on an allegation that the Defendant was on Supervised Release at the time that he had violated the terms of that Release by being "unaccountable."  Government's Letter, Docket No. 39, Attachment 1.

On this showing, which has not been controverted, we find that there was adequate probable cause for the MDOC to issue a Warrant for the Defendant's arrest, and we recommend that his Motion to Suppress Evidence be denied in all respects.

C.     The Defendant's Motion to Suppress Statements.

Apparently, the Defendant was interviewed following his MDOC arrest, and he challenges the admissibility of any statement obtained during that interview. We assume that he also challenges that statement on "fruit of the poisonous tree" grounds but, since we find nothing illegal in his MDOC arrest, we reject such a challenge, and turn to the remaining admissibility question.  See, e.g., United States v. Martinez, 462 F.3d 903, 910 (8th Cir. 2006), cert. denied, --- U.S. ---, 2007 WL

408193 (U.S., March 5, 2007), citing Wong Sun v. United States, 371 U.S. 471 (1963).

1. Standard of Review. Government agents are not required to administer Miranda warnings to everyone whom they question. See, Oregon v. Mathiason, 429 U.S. 492, 495 (1977). Rather, Miranda warnings are required for official interrogations where a person has been "'taken into custody or otherwise deprived of his freedom of action in any significant way.'" Stansbury v. California, 511 U.S. 318, 322 (1994), quoting Miranda v. Arizona, 384 U.S. 436, 444 (1966); Berkemer v. McCarty, 468 U.S. 420, 428-29 (1984); United States v. Helmel, 769 F.2d 1306, 1320 (8th Cir. 1985).

If a person is subjected to a custodial interrogation, he or she "has the right to consult with an attorney and to have counsel present during questioning." Davis v. United States, 512 U.S. 452, 457 (1994). To exercise that right, however, a suspect "must unambiguously request counsel," which "'requires at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.'" Id. at 459, quoting McNeil v. Wisconsin, 501 U.S. 171, 178 (1991). Furthermore, "if a suspect makes a reference to an attorney that is ambiguous or equivocal * * * [such] that the suspect **might** be invoking his right to

counsel, our precedents do not require the cessation of questioning." Id. [emphasis in original].

"The right to counsel recognized in Miranda is sufficiently important to suspects in criminal investigations, * * * that it 'requir[es] the special protection of the knowing and intelligent waiver standard.'" Davis v. United States, supra at 458, quoting Edwards v. Arizona, 451 U.S. 477, 483 (1981). Nevertheless, "[i]f the suspect effectively waives his right to counsel after receiving the Miranda warnings, law enforcement officers are free to question him." Id., citing North Carolina v. Butler, 441 U.S. 369, 372-376 (1979); see also, United States v. Jones, 23 F.3d 1307, 1313 (8th Cir. 1994). The burden rests with the Government to prove, by a preponderance of the evidence, that the Defendant knowingly and voluntarily waived his Miranda rights. See, Colorado v. Connelly, 479 U.S. 157, 168 (1986); United States v. Dougherty, 810 F.2d 763, 773 (8th Cir. 1987). However, "Miranda has no application to statements * * * that are voluntarily offered and are not a product of either express questioning or any police practice reasonably likely to evoke an incriminating response." United States v. Griffin, 922 F.2d 1343, 1357 (8th Cir. 1990), citing United States v. McGauley, 786 F.2d 888, 891 (8th Cir. 1986), and United States v. Webster, 769 F.2d 487, 492 (8th Cir. 1985).

Further, the Supreme Court has recognized that, in order for a confession to be admitted into evidence, it must be voluntary if it is to satisfy the Fifth Amendment's right against self-incrimination.  See, Dickerson v. United States, 530 U.S. 428, 433-34 (2000).  For a confession to be considered voluntary, a Court must examine "'whether a defendant's will was overborne' by the circumstances surrounding the giving of a confession." Dickerson v. United States, supra at 434, citing Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

As the Supreme Court has recently explained:

> The due process test takes into consideration "the totality of all the surrounding circumstances -- both the characteristics of the accused and the details of the interrogation." [Schneckloth v. Bustamonte, 412 U.S. at 226.]  See also Haynes [v. Washington, 373 U.S. 503, 513] (1963); Gallegos v. Colorado, [370 U.S. 49, 55] (1962); Reck v. Pate, [367 U.S. 433, 440] (1961) ("[A]ll the circumstances attendant upon the confession must be taken into account"); Malinski v. New York, [324 U.S. 401, 404] (1945)("If all the attendant circumstances indicate that the confession was coerced or compelled, it may not be used to convict a defendant").  The determination "depend[s] upon a weighing of the circumstances of pressure against the power of resistance of the person confessing."  Stein v. New York, [346 U.S. 156, 185] (1953).

Id. at 434.

Among the circumstances, which are to be considered in this analysis are, first and foremost, whether a <u>Miranda</u> warning has been given, see, <u>Withrow v. Williams</u>, 507 U.S. 680, 693 (1993); any elements of "police coercion," see, <u>Colorado v. Connelly</u>, 479 U.S. 157, 167 (1986); the length of the interrogation, see, <u>Ashcraft v. Tennessee</u>, 322 U.S. 143, 153-154 (1944); the location of the interrogation, see, <u>Reck v. Pate</u>, 367 U.S. 433, 441 (1961); and the continuous nature of the interrogation, see, <u>Leyra v. Denno</u>, 347 U.S. 556, 561 (1954).   See also, <u>Withrow v. Williams</u>, supra at 693 (listing the applicable considerations).

2.     <u>Legal Analysis</u>.   As an initial matter, no one disputes that the Defendant was in custody at the time that he made his statements, or that he knowingly, voluntarily, and intentionally, waived his <u>Miranda</u> rights at the commencement of his interview by law enforcement.   At that time, the Defendant was read his <u>Miranda</u> rights, he acknowledged that he understood them, and he agreed to speak with the investigating authorities in the absence of legal counsel.   See, <u>Government's Exhibit 2</u>.[3]   Although there is no evidence that the Defendant

---

[3]Government Exhibit 2 is a compact disc recording of the Defendant's interview by law enforcement.   As previously noted, no other evidence of the Defendant's interrogation has been offered for our review, and the Defendant has not objected to the admission of the Exhibit, solely for the purposes of the Suppression Hearing.

memorialized his waiver by signing a form, "[c]onsent can be given orally or in writing, and it is not necessary to use a written consent form." United States v. Saenz, 474 F.3d 1132, 1132 (8th Cir. 2007), citing United States v. Siwek, 453 F.3d 1079, 1084 (8th Cir. 2006).

The Defendant claims no physical or mental impairments, which would have made him susceptible to an unwitting waiver of his rights and, on this Record, we find none. The Record does not so much as intimate that, at the time that the Miranda warning was administered, the Defendant appeared to be under the influence of any drugs or alcohol and, in fact, when questioned as to whether he had any drugs or alcohol in his system, the Defendant answered in the negative. At no time did the Defendant request the interrogation to stop, nor did he ever request the presence of an attorney.

Further, there is no evidence that the milieu of the interrogation was oppressive, relentless, debasing, or brutish. It is true that those questioning the Defendant had informed him that he was in serious trouble, and that, should he cooperate, his assistance would be brought to the attention of the United States Attorney's Office. We find no overreaching, here, as our Court of Appeals has recognized that, "[e]ven assuming that a reasonable person would view the Agents' statements as a promise,

- 13 -

a promise made by law enforcement 'does not render a confession involuntary per se."

United States  v. LeBrun, 363 F.3d 715, 725 (8th Cir. 2004), quoting Simmons v.

Bowersox, 235 F.3d 1124, 1133 (8th Cir. 2001), cert. denied, 534 U.S. 924 (2001).

Moreover, "it is not enough to show that the authorities' representations were

the but-for cause of a confession." Id., citing Schneckloth v. Bustamonte, supra at

224.  Under the law of this Circuit, advising a suspect of the benefits of cooperation,

without more, does not "transform an otherwise voluntary statement into an

involuntary one."  United States v. Mendoza, 85 F.3d 1347, 1350 (8th Cir. 1996)

(interrogator's promise to make suspect's cooperation known to prosecutors was not

coercive), citing United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995)(same);

United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990)(interrogator's threats

of long prison sentence, absent cooperation, did not render subsequent statement, by

suspect, involuntary), cert. denied, 502 U.S. 829 (1991).  Indeed, even a promise of

non-prosecution, in and of itself, will not render a statement involuntary.  See, United

States v. Larry, 126 F.3d 1077, 1079 (8th Cir. 1997), citing United States v. Kilgore,

supra, and Tippitt v. Lockhart, 859 F.2d 595, 597 (8th Cir. 1988), cert. denied, 490

U.S. 1100 (1988).

Given the totality of the evidence before us, we find and conclude that the Defendant knowingly, voluntarily, and intentionally, waived the rights which were secured to him by <u>Miranda</u>.  As the Court observed, in <u>Davis</u>, "[a] suspect who knowingly and voluntarily waives his right to counsel after having that right explained to him has indicated his willingness to deal with the police unassisted." <u>Davis v. United States</u>, supra at 2356.  We find that to be the case here.  Therefore, we recommend that the Defendant's Motion to Suppress be denied.

D.    <u>The Defendant's Motion to Dismiss Under Title 18 U.S.C. §3161(b).</u>

The Defendant claims that his Indictment was not filed within thirty (30) days of his arrest, in violation of Title 28 U.S.C. §3161(b), and that, as a consequence, the Indictment should be dismissed.  At the Hearing, the Defendant clarified that he specifically objected to the exclusion of time, as would otherwise be tallied for Speedy Trial purposes, for the period between when he was ordered to be evaluated for competence, and the actual time of his evaluation.

The Defendant was indicted on September 7, 2006, and was first taken into Federal custody after he was indicted.  See, <u>Docket No. 1</u>.  At his arraignment, the Court set the Defendant's Motions Hearing for October 11, 2006.  See, <u>Docket No. 7</u>.  On October 3, 2006, as part of his Pretrial Motions, the Defendant, though legal

counsel, sought a competency evaluation pursuant to Title 18 U.S.C. §4241(a).  See, Docket No. 15.  In addition, the Defendant sought a continuance of the Motions Hearing until October 24, 2006, so as to allow further time to gather documents that would be relevant to his Motion for an evaluation.  See, Docket No. 13.  On October 6, 2006, the Defendant, through counsel, filed a letter with the Court waiving the Speedy Trial Act for the period of time between the originally scheduled Hearing, and the new Hearing date.  See, Docket No. 21.  We granted the requested continuance and excluded the period for Speedy Trial purposes.[4]  See, Docket No. 23.

After the Motions Hearing on October 24, 2006, we issued an Order, on October 30, 2006, that a competency evaluation be conducted, and we stayed all of the other Motions pending the outcome of that evaluation.[5]  See, Docket No. 27.  On

---

[4]At the Hearing, the Defendant suggested that this Court wrongfully withdrew, on its own instance, the Defendant's properly filed Motion for a Speedy Trial.  As we then explained to the Defendant, our Order of October 6, 2006, granted the Motion, which had been filed by his counsel, for a continuance while he awaited the receipt of documents, and reports, regarding the Defendant's competency.  We granted the Defendant's Motion, after expressly finding that the interests of justice were best served by granting the Defendant's waiver of his right to a Speedy Trial in order that he could more thoroughly prepare his defense.

[5]Quite logically, if it proved that the Defendant was not competent to stand Trial -- to note but one result -- each of the Pretrial Motions would have to be reheard when, or if, the Defendant regained his competency.  Rather than to risk such a needless
(continued...)

- 16 -

December 6, 2006, the Defendant was designated to a Bureau of Prisons' facility, in New York State, for the competency examination, which began on December 6, 2006, and concluded on December 20, 2006.  See, <u>Docket No. 29</u>.  A second Motions Hearing, that had been originally set for February 13, 2007, was continued at the request of the Defendant, and was conducted on February 21, 2007.

In his Motion papers, the Defendant alleges that his Indictment was untimely under Title 18 U.S.C. §3161(b), because it was not filed within thirty (30) days of his arrest, on August 3, 2006, by collaborating State and Federal authorities.  Section 3161(b) expressly provides that, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  Our Court of Appeals has held that, even if Federal agents participate in a defendant's arrest, his Speedy Trial rights in Federal Court do not arise until such time as he is taken into Federal custody.  See, <u>United States v. Beede</u>, supra at 974 ("Only a federal arrest, not a state arrest, triggers §3161(b)."); <u>United States v.</u>

---

[5](...continued)
expenditure of time and money, we elected, without objection from either party, to defer the parties' Pretrial Motions until the Defendant's competency evaluation had been completed, and the results were received.

Piggie, 316 F.3d 789, 796 n. 8 (8th Cir. 2003)(same); United States v. Garner, 32 F.3d 1305, 1309 (8th Cir. 1994), cert. denied, 514 U.S. 1020 (1995)(a State arrest does not affect Speedy Trial analysis on Federal charge even if conduct provides basis for a subsequent Federal Indictment). In this case, since the Defendant was not taken into Federal custody until after he was indicted, we find no violation of his right to a Speedy Trial.

At the Hearing, the Defendant also claimed that the conduct of his competency examination caused unreasonable delay, and therefore, violated his Speedy Trial rights. As we noted in our Order of October 30, 2006, the time, during which the Defendant's competency evaluation was being conducted, is properly excluded pursuant to Title 18 U.S.C. §3161(h)(1)(A), which provides that "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," is not counted for purposes of the Speedy Trial Act. Similarly, pursuant to Title 18 U.S.C. §3161(h)(1)(F), the time, during which the Defendant's Pretrial Motions are under consideration, is also excluded from the calculation of the Speedy Trial period. Therefore, finding no violation of the Defendant's Speedy Trial rights, we recommend that the Defendant's Motion be denied.

E.    The Defendant's Motion to Dismiss for Violations of the Bail Reform Act.

The Defendant alleges that his Indictment should be dismissed under the Bail Reform Act because he was not granted bail within ninety (90) days of that Indictment. The Bail Reform Act, Title 18 U.S.C. §3142, provides that the Court may order the temporary detention of a defendant, for a period of not more than ten (10) days, on a finding that the defendant was on probation or parole at the time the alleged offense was committed. See, Title 18 U.S.C. §3142(d)(1)(A)(iii). However, a defendant, who is charged with an offense, may be detained pending Trial, if the Court finds, by clear and convincing evidence, that there are no release conditions which will assure the safety of the public at large or, by a preponderance of the evidence, that there are no conditions that will reasonably assure the defendant's appearance at future Court proceedings. See, United States v. Salerno, 481 U.S. 739, 754 (1987); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003).

On September 18, 2006, we issued an Order, pursuant to the Bail Reform Act, that temporarily detained the Defendant pending the conduct of a Detention Hearing, since the Government had moved for the Defendant's pretrial detention pending his

- 19 -

Trial.  On September 21, 2006, we conducted a Detention Hearing, and determined

that the threat posed by the Defendant to the community, as well as his risk of flight,

warranted his detention, without bail, pending Trial.  See, Order, Docket No. 9.

Accordingly, since the Defendant was not entitled to release on bail, under the

provisions of the Bail Reform Act, we recommend that his Motion to Dismiss on the

basis of that Act be denied.

      F.    The Defendant's Motion to Dismiss Based on Defective Grand Jury Proceedings.

      The Defendant maintains that his Indictment should also be dismissed

because the Grand Jury proceedings, which prompted the issuance of that Indictment,

were defective.  However, the Defendant has failed to allege, must less demonstrate,

any constitutional irregularities in the Grand Jury's proceedings that would allow us

to consider this claim.  To the extent that the Defendant believes that his Indictment

was undermined by a lack of sufficient evidence, the established rule in this Circuit

is that "a grand jury may indict on whatever evidence is laid before it, even evidence

that would be inadmissible at trial."  United States v. Wilkinson, 124 F.3d 971, 977

(8th Cir. 1997), cert. denied, 522 U.S. 1133 (1998), citing United States v. Levine, 700

F.2d 1176, 1179 (8th Cir. 1983); see also, United States v. Johnson,  615 F.2d 1125,

1127 (5th Cir. 1980)("Indictments may not be challenged merely upon the ground that there was inadequate or incompetent evidence before the Grand Jury."), citing Costello v. United States, 350 U.S. 359, 363 (1956)(Fifth Amendment does not require that a showing that a Grand Jury Indictment is based on competent and adequate evidence prior to proceeding to the Trial on its merits.).   Therefore, we recommend that the Defendant's Motion to Dismiss be denied.

       G.    The Defendant's Motion for a Change in Venue.

          a.    Standard of Review.  "It is well settled that the trial court has broad discretion in determining whether or not a defendant should be granted a change of venue."  Walker v. Bishop, 408 F.2d 1378, 1389 (8th Cir. 1969).  In making such a determination, "the government's choice of forum is ordinarily to be respected," United States v. McManus, 535 F.2d 460, 463 (8th Cir. 1976), cert. denied, 429 U.S. 1052 (1977), although a transfer is allowable "for the convenience of the parties and witnesses and in the interests of justice."  Rule 21(b), Federal Rules of Criminal Procedure; see, United States v. McManus, supra at 463 ("[T]he convenience of the defendants to be tried in the district where they live and work, where their attorneys reside and where the majority of the witnesses live may overcome that presumption.").  A transfer is also proper where "the court is satisfied that so great a prejudice exists

in the transferring district that the defendant cannot obtain a fair and impartial trial there." Rule 21(a), Federal Rules of Criminal Procedure.

       b.     Legal Analysis. Rule 18, Federal Rules of Criminal Procedure, provides as follows:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.  The Court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

The Defendant contends that the Trial of this case should take place in the Sixth Division, as the underlying charges arose out of Moorhead, Minnesota, which is located in that Division, so as to warrant a Trial in the United States Courthouse in Fergus Falls, Minnesota.  Stated otherwise, the Defendant argues that a change to that venue would advance the convenience of the witnesses.

      A change in venue is ordinarily left to the discretion of the Trial Court.  Since the Defendant has made no showing that would support his Motion to change venue, we recommend that his Motion be denied, but without prejudice.  As we stated at the Hearing, the Defendant is free to resubmit this request, as a Motion in limine to the

District Court, which is fully authorized to change venue, if appropriate, to a more convenient forum.

NOW, THEREFORE, It is –

RECOMMENDED:

1.     That the Defendant's Motion for Dismissal Based on Selective Prosecution [Docket No. 16] be denied.

2.     That the Defendant's Motion for Suppression of Evidence Obtained from Search and Seizure [Docket No. 17] be denied.

3.     That the Defendant's Motion for Suppression of Statements [Docket No. 18] be denied.

4.     The Defendant's Motion to Dismiss Under Title 18 U.S.C. §3161(b) [Docket No. 19] be denied.

5.     The Defendant's Motion to Dismiss for Violations of the Bail Reform Act [Docket No. 33] be denied.

6.     The Defendant's Motion to Dismiss Based on Defective Grand Jury Proceedings [Docket No. 34] be denied.

7.     That the Defendant's Motion to Change Venue [Docket No. 35] be denied.

Dated:  March 7, 2007                         s/Raymond L. Erickson
                                              Raymond L. Erickson
                                              CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 23, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 23, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.